UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 20-89-DLB

DEMETRIUS DUNCAN                                                                                          PLAINTIFF

v.                                  **MEMORANDUM OPINION AND ORDER**

JENNIFER WEST, et al.                                                                                    DEFENDANTS

*** *** *** ***

Demetrius Duncan is a federal prisoner who was previously incarcerated at the United States Penitentiary (USP) – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Duncan filed a civil rights Complaint with this Court alleging that he received legally inadequate medical care at USP – McCreary. (Doc. # 1). As a result, Duncan is pursuing Eighth Amendment deliberate indifference claims for monetary damages against two medical professionals at the prison, Jennifer West and Stephanie Summer, pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). (*See id.*).

In response to Duncan's Complaint, the Defendants filed a motion to dismiss, or, in the alternative, a motion for summary judgment. (Doc. # 19). The Court directed Duncan to file a response to that motion (Doc. # 20) and then granted him an extension of time to do so (Doc. # 24). Nevertheless, more than three months have now passed since Duncan's submission was due, and he still has not responded to the Defendants' motion. At this point, the Defendants' motion is ripe for a decision from this Court.

The Court will dismiss Duncan's claims for the reasons stated below. First, as the Defendants establish through their motion and attached submissions (*see* Doc. # 19),

1

Duncan's claims are simply time barred. Although Congress has not formally articulated a statute of limitations period for *Bivens* claims, federal courts apply the most analogous statute of limitations from the state where the events occurred. *Wilson v. Garcia*, 471 U.S. 261, 268-71 (1985). Since the conduct giving rise to Duncan's claims allegedly occurred here in Kentucky, at USP – McCreary, Kentucky's one-year statute of limitations for personal injury claims applies. *See* Ky. Rev. Stat. § 413.140(1)(a); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003) ("*Bivens* claims have a one-year statute of limitations under Kentucky law."). Duncan, therefore, was required to bring his *Bivens* claims within one year. *See Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015).

Duncan complains of conduct that allegedly occurred in the summer of 2016, and, yet, he did not file this present civil action until years later, in April of 2020.[1] (Doc. # 1). To be sure, the one-year limitations period would have been tolled while Duncan exhausted his administrative remedies under the Bureau of Prison's (BOP's) Inmate Grievance Program. *See Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). But even accounting for the period that Duncan did spend pursuing some of his administrative remedies, a process he did not fully complete, the Defendants clearly demonstrate that Duncan's Complaint was still filed well past the applicable deadline. (*See* Doc. # 19-1 at

---

[1] The Court recognizes that Duncan previously filed a similar lawsuit with this Court in November of 2019. *See Duncan v. Marrero*, No. 6:19-cv-267-GFVT (E.D. Ky. 2019). However, in that action, the Court conducted an initial screening of Duncan's complaint pursuant to 28 U.S.C. § 1915A and dismissed it without prejudice for multiple reasons, including but not limited to the fact that the pleading, as drafted, failed to state a claim upon which relief could be granted against the named Defendants. *See Duncan*, No. 6:19-cv-267-GFVT at Doc. # 5. Ultimately, nothing about that previously-dismissed action suggests that this present matter is somehow timely.

8-12). And, as previously mentioned, Duncan filed no response in opposition to this argument. Therefore, the Court will dismiss his claims as untimely.

Finally, beyond the issue of timeliness, Duncan's claims are also subject to dismissal because he failed to fully exhaust his administrative remedies. Under the law, there is a multi-tiered administrative grievance process within the BOP. If a matter cannot be resolved informally via a so-called "BP-8 Form," the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 U.S.C. §§ 542.14, 542.15, and 542.18. Once the prisoner has fully exhausted these remedies, he may then file a lawsuit in federal court.

Here, the Defendants establish that Duncan failed to fully exhaust his administrative remedies. (*See* Doc. # 19-1 at 3-8; Doc. # 19-2 at 2-4). The record shows that Duncan did file a number of administrative remedy requests, including some regarding medical care at USP - McCreary. (*See id.*). But Duncan never proceeded past the BP-10 step, and even at that stage, he filed his submission with the wrong Regional Director. (*See id.*). Simply put, the Defendants have shown that Duncan failed to fully pursue his administrative remedies, and Duncan has not filed a response in opposition to this claim. This provides further justification to dismiss Duncan's claims.

Accordingly, it is **ORDERED** as follows:

(1)   The Defendants' dispositive motion (Doc. # 19) is **GRANTED**;

3

(2) Duncan's Eighth Amendment claims against the named Defendants (Doc. # 1) are **DISMISSED** with prejudice;

(3) This action is **STRICKEN** from the Court's docket; and

(4) The Court will enter a corresponding Judgment.

This 10th day of February, 2021.

Signed By:
**David L. Bunning** *DB*
United States District Judge

J:\DATA\ORDERS\PSO Orders\6-20-89 MOO.docx